58 CCPA

The UNITED STATES, Appellant,

v.

STANDARD BRANDS PAINT CO., Appellee.

Customs Appeal No. 5377.

United States Court of Customs and Patent Appeals.

Feb. 11, 1971.

———◆———

William D. Ruckelshaus, Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, James Caffentzis, New York City, for the United States.

Glad & Tuttle, Los Angeles, Cal., attorneys of record, for appellee. Robert G. White, Los Angeles, Cal., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and NICHOLS, Judge, United States Court of Claims, sitting by designation.

LANE, Judge.

This appeal by the United States is from the decision and judgment of the First Division of the United States Customs Court, 63 Cust.Ct. 32, C.D. 3869 (1969), which sustained appellee's protests to the collector's classfication of a portion of the imported merchandise under item 222.50 of the Tariff Schedules of the United States. We reverse.

The merchandise consists of rolled-up bamboo blinds, each having a package of mounting hardware within the rolled blind. The issue before us is the classification of the mounting hardware. The blinds comprise a number of horizontal split bamboo slats supported by vertical strings and having attached cords and metal pulleys to roll up or lower the blind. The package of mounting hardware includes 2 metal screw hooks, a metal cleat and 2 metal screws. A printed instruction sheet within the rolled blind directs one to look for the package containing the 2 hooks, a cleat and 2 screws, to screw the hooks into a horizontal beam, to fasten the cleat to a vertical post, and to place the round bamboo bar in the screw hooks. After the cord is used to adjust the blind to the desired height, the cord is fastened to the cleat.

The collector classified the merchandise under item 222.50 of TSUS, which provides for assessment of duty at 40 per centum ad valorem on blinds of unspun fibrous vegetable materials, with or without their hardware. The importer protested that the hardware mountings had other uses and should have been separately classified under items 647.00 of TSUS, which provides for assessment of a duty at 19% ad valorem on fittings and mountings not specially provided for, suitable for furniture, doors, windows, blinds and other uses. These provisions read:

Schedule 2, part 2, subpart B:

222.50    Blinds, shutters, curtains, screens, and shades, all the foregoing, of unspun fibrous vegetable materials, with or without their hardware . . . . 40% ad val.

Schedule 6, part 3, subpart D:

Hinges; and fittings and mountings not specially provided for, suitable for furniture, doors, windows, blinds, staircases, luggage, vehicle coach work, caskets, cabinets, and similar uses; all the foregoing, of

base metal, whether or not coated or plated with precious metal:

Not coated or plated with precious metal:

647:00 Of iron or steel, of aluminum, or of zinc ....... 19.% ad val.

The testimony of the importer's import manager indicates that the hardware is packed inside the rolled-up blind when imported and that the hardware is utilized in mounting said blind, but that the importer also imports and sells similar hardware mountings separately and that such mountings can be utilized with blinds of other materials or with awnings or plaques. The witness testified that the mountings do not have to be used to mount the imported blinds but that most of the time they are so utilized. He testified further that the blinds and mounting hardware are imported "wrapped together for merchandising * * * and for the convenience of the customer."

Appellant United States asserts that blinds imported together with their hardware are dutiable as one commercial entity under item 222.50 of the TSUS, whether or not the hardware is dedicated to use with the particular blinds.

Appellant further contends that the addition of the words "with or without their hardware" in item 222.50 was intended to eliminate problems connected with the determinations of the component material of chief value, that it does not materially affect imports, and that the purpose of the additional language was to remove from the classification the issue of "entireties." We agree that the issue of "entireties" has been eliminated here and that the elimination precludes classification of the mounting hardware elsewhere in the schedules. If the Congress did not intend that blinds imported with their hardware be classified as one commercial entity, the added words "with or" are extraneous and unnecessary and there would be no reason for including the word "without," since blinds imported without hardware would be classified under item 222.50 in any event.

In Broadway Hale Stores, Inc. v. United States, 62 Cust.Ct. 507, C.D. 3816 (1969), cited by both appellant and appellee, the Customs Court found that imported mirrors and mirror frames were properly classified separately as "mirrors * * * with or without frames" and as "mirror frames of wood." In that case, however, the mirrors and the wood frames were separately invoiced and separately packed. There the importer successfully argued that "mirrors * * * with or without frames" was intended to include "framed mirrors," but did not include separately packed mirror frames. In this case the blinds and their hardware were not separately packaged, and it would be absurd to read the phrase "with their hardware" as requiring that the hardware be *affixed* to the blinds.

We conclude that, under the facts of the present case, the mounting hardware contained in the rolled blind with instructions for mounting the blind with said hardware is just what the Congress intended to include by inserting in item 222.50 the words "with or without their hardware." The judgment of the Customs Court is reversed.

Reversed.

BALDWIN, J., concurs in the result.